FILED'09 JAN 09 08:27 USDC-ORP

RECEIVED
JAN - 8 2009

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT SOPER,

        Plaintiff,

vs.

COMMISSION of Social Security,

        Defendant.

Civil Case No. 07-1040-KI

OPINION AND ORDER

Tim Wilborn
Wilborn Law Office, P.C.
P. O. Box 2768
Oregon City, Oregon 97045

        Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Page 1 - OPINION AND ORDER

Daphne Banay
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Robert Soper, Jr. brought this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). I reversed the decision of the Commissioner and remanded for a finding of disability.

The Commissioner has filed a Motion for Clarification (#22), seeking a ruling from the Court as to the onset date of plaintiff's disability for purposes of plaintiff's DIB claim. Plaintiff is entitled to DIB if he can show he was disabled prior to his date last insured of December 31, 1991, and that he continued to be disabled through April 2004. In the Opinion and Order, I noted that plaintiff alleged disability beginning May 27, 2004, but elsewhere alleged disability all his life. Evidence reflected that plaintiff had problems beginning when he was 3 1/2 years old. No records, however, were available from between 1980 to 2001, although the transcript reflects that plaintiff brought medical records into the field office from as far back as July 1975.

It is plaintiff's burden to establish that he suffers from a "disability" under the Act, which is defined in part to be a "medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). In addition, plaintiff bears the burden of proving that he suffered from the

disability "prior to the date upon which h[is] disability insured status expire[d]." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

There is insufficient evidence in the record from which to determine when plaintiff's disability began. As a result, I grant the Commissioner's motion (#22) and amend the Opinion and Order (#20) to reflect that the decision of the Commissioner is reversed. This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as to plaintiff's onset date of disability for purposes of his DIB application. Judgment will be amended accordingly.

IT IS SO ORDERED.

Dated this _____ 8⁷ _____ day of January, 2009.

/s/ Garr M. King
Garr M. King
United States District Judge
Page 3 - OPINION AND ORDER